UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Criminal Case No. 18-20323

Yalex John Garcia-Lopez,                Sean F. Cox
                                               United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This criminal action is currently before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant Yalex John Garcia-Lopez ("Defendant") was convicted of Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(I). This Court sentenced Defendant to serve 120 months of imprisonment. (*See* 5/23/19 Judgment, ECF No. 240).

On September 28, 2021, Defendant filed his *pro se* Motion for Compassionate Release. (ECF No. 441). Defendant is currently housed at FCI Victorville Medium II in Adelanto, California and has more than five years of his sentence remaining. Defendant filed his Motion

for Compassionate Release asking to be released based upon concerns about COVID-19. Defendant states that he had COVID-19 and claims that he still has some residual effects, such as general fatigue. Defendant also asserts that he has suffered "irreparable damage to his mental health" due to the virus. Defendant asserts that he is also concerned about the possibility of reinfection.

The Government opposes Defendant's motion, noting that Defendant's medical records reflect that he has recovered from COVID-19 and that he has now also been fully vaccinated. As such, it opposes the motion on its merits, asserting that Defendant cannot establish extraordinary and compelling circumstances. The Government also contends that the motion should be denied based upon a consideration of the § 3553 factors.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the

2

> Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias,* 984 F.3d at 518.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at 519. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Id.*

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two]

3

is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at 519 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because the ongoing pandemic constitutes extraordinary and compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Moreover, Defendant's medical records reflect that Defendant already had the virus and has recovered. And Defendant has also now been fully vaccinated. A "defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling' reason warranting a sentence reduction." *United States v. Lemons*, __ F.4tth __, 2021 4699249 at *3 (6th Cir. Oct. 8, 2021); *see also*

*United States v. Taylor*, __ F.4th __, 2021 WL 5045703 at *1(Nov. 1, 2021). "After all, with access to the vaccine, an inmate largely faces the same rick from COVID-19 as those who are not incarcerated." *Lemons, supra*.

This Court also concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses *weigh strongly* against his release. Defendant was involved in a large-scale drug conspiracy and money laundering.

Defendant's long remaining sentence also weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is DENIED.

**IT IS SO ORDERED.**

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: December 1, 2021